**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **CRAIG McCLEOD,** |
| Petitioner, |
| v. |
| **U.S. PAROLE COMMISSION,** |
| Respondent. |

Case No. 14-cv-01080 (CRC)

**MEMORANDUM OPINION**

This matter has come before the Court on Craig McCleod's petition for a writ of habeas corpus and the United State Parole Commission's opposition.[1] On August 22, 2014, the Court issued an Order directing petitioner to file a reply to respondent's opposition to his petition by September 22, 2014, an advising petitioner that the Court would treat respondent's factual assertions as conceded if he did not file a timely reply. Because petitioner has not filed a reply, the Court treats respondent's assertions of fact as conceded.

**I.    Background**

Following his conviction for attempted distribution of cocaine, on January 16, 2009, the Superior Court of the District of Columbia ("Superior Court") sentenced petitioner to a 14-month term of incarceration followed by a five-year term of supervised release. U.S. Parole Comm'n Opp'n to Pet. for a Writ of Habeas Corpus ("Comm'n Opp'n") Ex. 1 (Judgment in a Criminal Case, United States v. McCleod, No. 2008 CF 8165 (D.C. Super. Ct. Jan. 16, 2009)). Before petitioner

---

[1]  The Court notes that the signature of one Milton Joseph Taylor, who describes himself as a "JAILHOUSE LAWYER," appears below that of Mr. McCleod on the last page of the petition. Pet. at 6 (page number designated by ECF). Mr. Taylor is neither a licensed attorney nor a member of the bar of this Court. See Leach v. U.S. Parole Comm'n, 522 F. Supp. 2d 250, 250 n.1 (D.D.C. 2007) ("Contrary to petitioner's claim, Mr. Taylor is not licensed to practice law in this Court but, like petitioner, is a *pro se* litigant."). He does not represent petitioner in this case. The Court presumes that Mr. McCleod executed the petition himself, and therefore treats the petition as having been filed by him *pro se*.

began serving his supervised release term on September 4, 2009, id. Ex. 3 (Sentence Monitoring Computation Data as of 09-04-2009) at 3, the United States Parole Commission ("Commission") imposed two special conditions:

> [1] [Y]ou shall be subject to the Special Drug and Alcohol Aftercare Condition that requires that you participate, as instructed by your [Community Supervision Officer ("CSO")], in an approved inpatient or outpatient program for the treatment of narcotic addiction or drug and alcohol dependency. The treatment program may include testing and examination to determine if you have reverted to the use of drugs. You shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or your [CSO], you shall reside in[] and participate in a program of the Re-Entry and Sanctions Center until discharged by the Center Director; [and]
>
> [2] [i]n addition, you shall participate in and complete anger management counseling as directed by your [CSO].

Id. Ex. 2 (Notice of Action dated September 2, 2009) at 1.

Due to petitioner's repeated failure to comply with the Special Drug and Alcohol Aftercare Condition, the Commission twice issued letters of reprimand, see id. Exs. 7, 9 (Official Letters of Reprimand dated June 29, 2010 and October 15, 2010, respectively), placed petitioner in a residential substance abuse treatment program, see id. Ex. 14 (Notice of Action dated September 13, 2011), placed petitioner in an outpatient substance abuse treatment program, see id. Ex. 15 (Notice of Action dated December 19, 2011), and placed petitioner in a secure residential substance abuse treatment program, see id. Ex. 21 (Notice of Action dated August 6, 2013). Ultimately, after a hearing before a parole commission hearing examiner, see id. Ex. 23 (Revocation Hearing Summary dated March 6, 2014), the Commission revoked petitioner's supervised release and ordered that he serve a new 13-month term of imprisonment followed by a new 42-month term of supervised release. See id. Ex. 24 (Notice of Action dated April 9, 2014) at 1. The term of

incarceration began on July 9, 2013, the date on which the supervision violation warrant was executed, see id. Ex. 18 (United States Marshal's Return to the United States Parole Commission), and ended on June 18, 2014, when his term of supervised release began, see id. Ex. 3 (Sentence Monitoring Computation Data as of 06-18-2014) at 2.

**II.     Analysis**

Petitioner generally asserts that the Commission has caused him to be detained unlawfully. See Pet. at 4 (page numbers designated by ECF). He first contends that the Commission's actions violate "the Article III clause . . . ." Pet. at 8 (Ground One). Second, petitioner complains that his return to custody for a 13-month term was based on "an unlawful . . . warrant . . . without a 'new' judgment and commitment order 'signed by [the] sentencing judge.'" Id. at 8 (Ground Two). Finally, petitioner argues that his supervision revocation hearing should have been conducted either by a magistrate judge or a trial judge rather than a hearing examiner. Id. at 8 (Ground Three). The Court understands these statements, and other arguments set forth in the petition, see id. at 5, as an assertion that the Commission impermissibly performs functions that only should be performed by the Superior Court and therefore its actions in this case violate the separation of powers doctrine. These arguments are without merit. See Hammett v. U.S. Parole Comm'n, No. 10-442, 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (noting that "similar separation of powers arguments[] have been raised often and rejected each time").

Ordinarily, a defendant on supervised release who seeks to challenge a Commission decision must submit an appeal to the National Appeals Board. 28 C.F.R. §§ 2.26, 2.105(g). Petitioner was advised of his right to appeal the April 9, 2014 Notice of Action to the National Appeals Board pursuant to 28 C.F.R. § 2.220, See Comm'n Opp'n, Ex. 24 at 2, but he did not do so. Comm'n Opp'n, Ex. 25 (Biderman Decl.) ¶ 3 (explaining that McCleod did not "submit[] an administrative appeal to the National Appeals Board of the U.S. Parole Commission following the

Commission's revocation of . . . supervised release on April 9, 2014, and the Commission's imposition of a new 13-month term of imprisonment, to be followed by a new 42-month term of supervised release."). His failure to pursue an appeal precludes this challenge to the Commission's decision. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) ("A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief."); King v. Hasty, 154 F. Supp. 2d 396, 400 (E.D.N.Y. 2001) ("A petitioner must exhaust all available administrative remedies before filing a petition for habeas corpus relief, including in the parole context."). But even if petitioner had exhausted his administrative remedies, denial of the petition would still be warranted.

Supervised release is functionally equivalent to parole, see Bradley v. U.S. Parole Comm'n, 916 F. Supp. 2d 152, 155 n.2 (D.D.C. 2013), and the law pertaining to parole is applicable in this context. See Anderson v. U.S. Parole Comm'n, No. 10-1451, 2010 WL 5185832, at *2 (D.D.C. Dec. 22, 2010). It is settled that the Parole Commission has jurisdiction over an offender serving a term of supervised release. Specifically, an offender "who is released from imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia . . . shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C. Code § 24-133(c)(2); see Taylor v. U.S. Parole Comm'n, 860 F. Supp. 2d 13, 15 (D.D.C. 2012); see also Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing the transfer of parole jurisdiction for District of Columbia prisoners to the Parole Commission).

The Parole Commission is not a court, and it cannot impose a criminal sentence. This authority rests with the Superior Court. See D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). The statutes under which the Parole Commission operates "govern the execution of a judicially imposed sentence," Moore v.

4

U.S. Parole Comm'n, No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10, 2011), and thus proceedings pertaining to supervised release are not part of a criminal prosecution, Morrissey v. Brewer, 408 U.S. 471, 480 (1972). For this reason, an offender on supervised release is not afforded the same protections that a criminal defendant would enjoy. See Maddox v. Elzie, 238 F.3d 437, 445 (D.C. Cir. 2001) (stating that "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial.") (citing Morrisey, 408 U.S. at 480).

The Commission is authorized to revoke supervised release. See Brown v. U.S. Parole Comm'n, No. 14-1295, 2014 WL 3973382, at *1 (D.D.C. July 30, 2014); Taylor v. U.S. Parole Comm'n, 860 F. Supp. 2d 13, 15–16 (D.D.C. 2012), and if it revokes supervised release, it is authorized to impose a new term of imprisonment. See Taylor, 860 F. Supp. 2d at 15–16 (citing 28 C.F.R. § 2.218). Such exercises of authority neither violate the separation of powers doctrine nor usurp a judicial function. Anderson, 2010 WL 5185832, at *2 (citations omitted); Thompson v. District of Columbia Dep't of Corr., 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (quoting D.C. Code § 24-131(c)).

Petitioner is no more successful in challenging the Commission's authority "to force him to participate in an in-patient drug treatment program when the trial judge had never approved" such an arrangement. Pet. at 7 (Ground Four). The Commission is authorized to modify the conditions of supervised release, see Smallwood v. U.S. Parole Comm'n, 777 F. Supp. 2d 148, 150 (D.D.C. 2011), and such conditions may include a special drug aftercare, see Taylor v. Norton, No. 05-1634, 2006 WL 1071517, at *4 (D.D.C. Apr. 21, 2006).

### III. Conclusion

For the reasons stated, Petitioner does not demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). His petition for a

writ of habeas corpus therefore is denied.  An Order accompanies this Memorandum Opinion.

/s/
CHRISTOPHER R. COOPER
United States District Judge

Date:  November 20, 2014